THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Angela Bovo *et al.*, | CASE NO. C19-1650-JCC |
| Plaintiffs, | MINUTE ORDER |
| v. | |
| King County Superior Court *et al.*, | |
| Defendants. | |

The following minute order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. Plaintiff Angela Bovo brings an *in forma pauperis* complaint on behalf of herself and her minor children against the King County Superior Court and Judge Douglas North.[1] (Dkt. No. 4 at 1.) The Court must dismiss an *in forma pauperis* complaint if the action raises frivolous or malicious claims, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, a pleading must contain "a short and plain statement showing that the

---

[1] The caption of Plaintiff's complaint includes several crossed-out names of various individuals who appear as parties in the body of the complaint. (*See* Dkt. No. 4 at 1, 4–5.) "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Accordingly, Plaintiff must amend the title of her complaint to include the crossed-out names if she wishes the Court to consider claims against those individuals. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption).

MINUTE ORDER
C19-1650-JCC
PAGE - 1

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a claim. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is also appropriate if a complaint fails to put forth a "cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In this case, Plaintiff brings claims on behalf of herself and her minor children under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165; Title III of the ADA, 42 U.S.C. §§ 12181–12189; and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (Dkt. No. 4 at 2.) Those claims stem from a custody battle over Plaintiff's children in state court and appear to fall into two categories. (*See* Dkt. No. 4 at 7–8.) Neither category raises a plausible claim for relief over which the Court has jurisdiction.

First, Plaintiff alleges that she has "Situational Anxiety" and that "ADA requests were denied" during the state court proceedings. (*See id.* at 8–9, 15.) This allegation could potentially state a claim under *Tennessee v. Lane*, 541 U.S. 509, 531 (2004), which held that Congress validly abrogated Tennessee's sovereign immunity against claims that its courts were physically inaccessible to people in wheelchairs. However, Plaintiff's allegation is too conclusory because she does not state what type of accommodation she needed and was denied; she states only that "appropriate individualized treatment and accommodations [were] necessary to ensure full and equal access to court proceedings." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'"); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, (9th Cir. 2011) ("[F]or purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim under the ADA in the complaint itself . . . ."); (Dkt. No. 4 at 15).

Second, Plaintiff alleges that Defendants took adverse actions against her and her children during the custody proceedings because Judge North, the parties, and other participants

1 in the proceedings were biased against her due to her actual or perceived mental disability. (*See*
2 Dkt. No. 4 at 8–12) (alleging "Defendants faked the existence of a mental health
3 impairment . . . as a cause of action for segregating Plaintiffs"; "Defendants forced or coerced
4 Plaintiffs into several evaluations where their mental health was questioned"; "Defendants at one
5 point h[eld] Ms[.] Bovo in contempt of court for obtaining treatment"; "In 2015 King County
6 Superior Court also ordered Plaintiffs into custody evaluations"; and that "[t]he court ordered
7 Ms. Bovo to pay approximately 2700 []for the cost of the evaluator").

8       The Court lacks jurisdiction over any claims arising from these allegations under the
9 *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from
10 exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a
11 state court." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003). A claim is
12 "inextricably intertwined" with a state court decision "[i]f the injury alleged resulted from the
13 state court judgment itself." *Id.* at 901. Here, Plaintiff's injuries arise from a series of state court
14 decisions—the decision to order her to undergo mental health evaluations, the decision to have
15 her pay for the costs of an evaluator, the decision to hold her in contempt of court, and the
16 decision to separate her from her children. (*See* Dkt. No. 4 at 8–12.) To remedy Plaintiff's
17 injuries, Plaintiff would have the Court declare those decisions unlawful and
18 "resto[re] . . . Plaintiff children to Plaintiff mother." (*See id.* at 16.) Those are precisely the
19 remedies that the *Rooker-Felman* doctrine prohibits federal courts from providing. *See Sykes v.*
20 *Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741–42 (7th Cir. 2016) (holding *Rooker-Feldman*
21 precluded plaintiff's ADA claim that a judge entered an unlawful order barring plaintiff from
22 bringing her service dog into the judge's courtroom); *Bianchi*, 334 F.3d at 900–01 & n.4. If
23 Plaintiff wishes to obtain such remedies, Plaintiff must obtain them from Washington's court
24 system.

25       Although the Court finds that the complaint fails to state a claim upon which relief can be
26 granted, it will not dismiss a complaint unless "it is absolutely clear that no amendment can cure

MINUTE ORDER
C19-1650-JCC
PAGE - 3

the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff must file an amended complaint no later than 21 days from the date this order is issued. In her amended complaint, Plaintiff must describe the type of accommodation that she needed and was denied and allege injuries that were independent of a state court decision. In addition, if Plaintiff wishes to bring claims against parties other than the King County Superior Court and Judge Douglas North, Plaintiff must amend the caption of her complaint to include any such Defendants.

DATED this 4th day of June 2020.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk
